# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDRIA SALDA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) )  Case No. CIV-19-1093-F |
| BRIGHTHOUSE LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

Defendant Brighthouse Life Insurance Company moves for summary judgment. Doc. no. 24. Plaintiff Andria Salda has responded, objecting to summary judgment. Doc. no. 30. Defendant has filed a reply brief. Doc. no. 31.

Also pending is defendant's motion to exclude plaintiff's experts. Doc. no. 25. Plaintiff has responded, objecting to exclusion. Doc. no. 29. Defendant has filed a reply brief. Doc. no. 33.

For the reasons set out below, defendant's motion for summary judgment will be granted, and defendant's motion to exclude will be denied in part and granted in part.

### I. The Complaint

Plaintiff Andria Michelle Salda brings this action to recover a $750,000.00 death benefit she alleges is payable under a life insurance policy which insured her husband's life. Doc. no. 4 (first amended complaint). Plaintiff alleges that she is the widow of the decedent. She alleges that the defendant, Brighthouse Life Insurance Company, insured her husband's life for $750,000.000. She alleges that

her husband died on November 10, 2015, as a result of a motorcycle accident which occurred on April 4, 2015. She alleges that demand has been made for payment under the policy, but that defendant has refused to pay, damaging her in a sum in excess of $750,000.00.

## II. Fact-Findings

The following facts are not in dispute.

Andria Salda, the decedent's widow, is the beneficiary of a $750,000.00 life insurance policy, policy number MLT1474046 ("the policy").

The policy was purchased by the deceased, Clayton Salda, from MetLife Investors USA Insurance Company. Doc. no. 24, Defendant's Undisputed Statement of Facts (USF) No. 1.

The policy's issue date is February 26, 2014. *Id*. at USF No. 2.

After the policy was issued, MetLife Investors USA Insurance Company merged into an entity that is now named Brighthouse Life Insurance Company, the defendant in this action. *Id*. at USF No. 5.[1]

The policy includes the following exclusion.

> Suicide Exclusion. If the Insured dies by suicide, while sane or insane, within two years from the Issue Date, the amount payable will be limited to the amount of premiums paid (without interest), or the reserve if greater and required by state law.

*Id*. at USF No. 3, citing policy, doc. no. 24-2 at unnumbered p. 26.

On November 10, 2015, which was within two years of the issue date of the policy, the decedent was discovered by his father, David Salda, hanging lifeless from

---

[1] *And see,* doc. no. 16 (order granting motion to amend caption of the pleadings, correcting the named defendant from MetLife Investors USA Insurance Company to Brighthouse Life Insurance Company).

a tree in the family's backyard. *Id.* at USF No. 6. The date of death was November 10, 2015. USF No. 7.[2]

Relying on the suicide exclusion, defendant limited payment to the amount of premiums paid. Doc. no. 24, p. 2.[3]

### III. Defendant's Motion for Summary Judgment
*(Doc. no. 24)*

#### A. Standards

Under Rule 56, Fed. R. Civ. P., summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or

---

[2] Plaintiff states that she disputes USF No. 7, which cites a death certificate in support. Plaintiff further argues that death certificates are not admissible. In reaching the determinations stated in this order the court has not considered the original death certificate or the amended death certificate. Nevertheless, it is clear from the record that there is no dispute regarding the date of death.

[3] This fact is not included in defendant's statement of undisputed facts. However, plaintiff's response brief does not take issue with it. Moreover, the amended complaint does not allege that defendant failed to pay anything on the claim, rather, the amended complaint seeks payment of the $750,000.00 death benefit.

3

denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

### B. The Parties' Arguments

Defendant argues that the suicide exclusion is clear and unambiguous. Plaintiff does not contend otherwise. The court agrees with defendant that the exclusion is clear and unambiguous.

Next, defendant argues that the exclusion applies on the facts of this case and bars recovery of the $750,000.00 death benefit. Plaintiff disagrees on several grounds. She argues that exclusions should be narrowly construed and that there is a general presumption against suicide. Although plaintiff does not dispute that her husband was found lifeless hanging from a tree, she presents evidence intended to show that her husband's death was a direct result of a motorcycle wreck which occurred on April 4, 2015, seven months prior to her husband's death on November 10, 2015. Plaintiff argues that her husband took his own life as a direct result of the motorcycle accident, in which he suffered extremely serious and debilitating injuries. Plaintiff argues that after the accident, her husband was prescribed drugs which are associated with an increased risk of suicide. She argues that due to the motorcycle accident, the injuries, and the drugs, the motorcycle accident was the cause of death. Plaintiff also argues that due to the injuries and the prescribed drugs, her husband had a diminished mental capacity at the time of his death and that he could not have possessed the intent to commit suicide.

In reply, defendant argues that plaintiff's evidence linking her husband's suicide to the motorcycle accident, to his injuries, to prescription drugs, and to the decedent's state of mind, are immaterial. Defendant argues that the policy clearly excludes payment of the death benefit for a suicide without regard to any factors or causes that may have led to the suicide. Defendant points out that the exclusion applies if the insured dies by suicide "while sane or insane…." Defendant argues

that a ruling in favor of the plaintiff would mean that an insurance policy could never exclude coverage when a death results from suicide because virtually all suicides have antecedent causes. Defendant also argues that the principal case upon which plaintiff relies, Runyon v. Reid, 510 P.2d 942 (Okla. 1973), is not an insurance case but a wrongful death case. Defendant argues that causation concepts (such as direct cause and intervening cause) which are relevant in a tort case are not relevant in a contract case such as this one, in which the parties are held to the terms of their agreement. Defendant argues that the court is obliged to uphold the terms of the parties' agreement, including the suicide exclusion.

### C. Analysis

Plaintiff concedes that the decedent was found hanging lifeless from a tree. Evidence offered by the plaintiff goes even further, establishing that the hanging was the result of the decedent taking his own life (as opposed to an accidental hanging). For example, assuming for now that plaintiff's experts' reports may be considered at this stage, Dr. Jason Beaman states that "Mr. Salda died of suicide." Doc. no. 30, p. 5, citing report attached at doc. no. 30-2. In short, plaintiff does not argue that there was no suicide. What she argues, instead, is that the debilitating injuries, the prescription drugs, and decedent's resulting state of mind, all link back to the motorcycle accident, which plaintiff contends was the cause of death, entitling plaintiff to the $750,000.00 death benefit.

Plaintiff's arguments fail as a matter of law under the clear language of the suicide exclusion. Under that language, if death occurs by suicide, then arguments regarding direct or contributing causes of the suicide are irrelevant. The decedent's state of mind is also irrelevant, as the exclusion expressly applies whether the decedent was "sane or insane" at the time of the suicide. Under the terms of the policy, the undisputed fact that the decedent took his own life cuts-off any arguments about antecedent causes or factors leading up to the suicide. Defendant has carried

its burden to show there is no genuine issue regarding the fact that the suicide exclusion applies, with the result that plaintiff is not entitled to the $750,000.00 death benefit. *See generally,* Dodson v. St. Paul Ins. Co., 812 P.2d 372, 376 (Okla. 1991) ("The terms of the parties' contract, if unambiguous, clear, and consistent, are accepted in their plain and ordinary sense, and the contract will be enforced to carry out the intention of the parties as it existed at the time the contract was negotiated.").

Accordingly, the motion for summary judgment will be granted.

### IV. Defendant's Motion to Exclude Plaintiffs' Experts and Their Reports
*(Doc. no. 25)*

In reaching the above ruling, the court has presumed it may consider plaintiff's experts' reports to the extent the reports are relevant, for example, to the extent the reports indicate that the decedent committed suicide. To the extent the reports indicate the decedent took his own life, the reports are relevant (although arguably cumulative as plaintiff does not contest the fact of the suicide). Defendant's motion to exclude the reports will be denied to this limited extent.

That said, the primary purpose for which the reports are offered is not to show that the decedent committed suicide but to show that various causes or factors link the suicide back to the motorcycle accident, thereby permitting plaintiff's experts to opine that the motorcycle accident was the cause of death. For reasons which have already been set out, such explanations and opinions are irrelevant to the legal analysis. Accordingly, defendant's motion to exclude will be granted to the extent that plaintiffs' experts offer explanations or opinions intended to show that the motorcycle accident was the cause of death.

Thus, defendant's motion to exclude will be denied in part and granted in part.

V. Conclusion

After careful consideration, defendant's motion for summary judgment is **GRANTED**. Doc. no. 24. Summary judgment will be entered in favor of defendant Brighthouse Life Insurance Company and against plaintiff Andria Salda.

Defendant's motion to exclude plaintiff's experts is **DENIED IN PART** and **GRANTED IN PART**, as stated in the text. Doc. no. 25.

IT IS SO ORDERED this 7th day of December, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-1093p007.docx